Filed 11/24/15  P. v. Kaslove CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B259277 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA090294) |
| v. | |
| SAMUEL JACOB KASLOVE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael D. Carter, Judge.  Affirmed.

Gail Ganaja, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Samuel Kaslove appeals his conviction for possession of heroin (Health & Saf. Code, § 11350, subd. (a)).  After review of the record, defendant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).  We find no arguable appellate issues and affirm defendant's conviction.

### FACTUAL AND PROCEDURAL HISTORY

We view the facts of this case in the light most favorable to the People and presume in support of the judgment the existence of every fact the jury reasonably could deduce from the evidence.  (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)

On July 7, 2013, Alhambra police officers David Bradley and Henry Reyes conducted a traffic stop of the pickup truck defendant was driving.  Officer Reyes ordered defendant out of the truck first, while Officer Bradley kept watch over the passenger, David Devido, who remained seated in front passenger seat.  Devido did not move his hands toward the driver's seat before he exited the truck.

Officer Bradley searched the truck after defendant and Devido were secured outside.  He found a small, knotted red balloon sticking out of the crease where the back of the driver's seat connected to the seat portion.  Officer Bradley placed the balloon on the driver's seat and asked Officer Reyes, his training officer, to examine it.  Officer Reyes, who was experienced in recovering controlled substances, believed the knotting of the balloon and the "vinegary oil smell" it emitted were indicative of heroin.  The parties stipulated that the brown substance found inside the balloon was analyzed and found to contain 0.26 grams of heroin, and that such amount of heroin was a usable amount.

Defendant called his romantic partner, Noemy Guadron, from jail, in a call that was recorded.  Defendant told Guadron that the police found drugs in his truck and impounded the vehicle.  Guadron testified that defendant recently had suffered a relapse in his drug use and was associating with other drug users, including Devido.

On July 8, 2013, the day after the traffic stop, defendant was no longer in jail.  He and Guadron argued over defendant's drug relapse and who would drive the couple's remaining car.  The argument was a heated one, and Guadron contacted the police twice.

2

After Guadron and a witness told police that defendant told Guadron he was going to get his gun and kill her, police arrested him for making criminal threats. Guadron subsequently asked the police to drop the criminal threats charge and at trial denied telling police defendant threatened to get his gun and kill her. The jury ultimately acquitted defendant of making criminal threats and the lesser included crime of attempted criminal threats.

The jury found defendant guilty of unlawful possession of heroin. The court subsequently found true allegations that defendant suffered two prior felony convictions within the meaning of the Three Strikes Law and two prior felony convictions for which he served a separate prison term, namely a 2006 conviction for second degree robbery (Pen. Code, § 211)[1] and a 2011 conviction for first degree burglary (§ 459). The court denied defendant's motion to strike the priors pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 and sentenced him to a total of six years in prison: the two-year midterm, doubled pursuant to the Three Strikes Law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), plus two consecutive one-year terms for his prior prison terms. The court awarded defendant 828 days of presentence credit and imposed various fees and penalties. Defendant timely appealed.

While his appeal was pending, defendant petitioned for recall of his sentence and resentencing under the provisions of Proposition 47 (§ 1170.18, subd. (a)). The trial court granted his petition, recalled his sentence, resentenced him to 365 days in county jail, and imposed various fines and fees. Defendant received credit for 365 days in custody.

## DISCUSSION

After reviewing the record, defendant's appointed counsel filed an opening *Wende* brief asking this court to review the record independently.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On June 16, 2015, we directed appointed counsel to send the record and a copy of the brief to appellant and notified him of his right to respond within 30 days. We received no response from defendant.

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

WILLHITE, Acting P. J.

MANELLA, J.